MORIARTY *v.* MORIARTY.

1. WILLS—TESTAMENTARY CAPACITY—INSTRUCTIONS.
   An instruction that, "in order to possess testamentary capacity, it is not necessary that one should know the number and condition of his relatives, or their claim upon his bounty, or that he should know or understand the reason for giving or withholding his bounty to or from *any* relative," is erroneous. *Spratt* v. *Spratt,* 76 Mich. 395, distinguished.

2. SAME—BURDEN OF PROOF.
   Where a will is presented for probate, the burden of proving the mental capacity of the testator rests upon the proponent throughout, and it is error so to instruct the jury as to lead them to infer that it devolves upon the contestant to establish the invalidity of the will.

Error to Muskegon; Russell, J. Submitted January 17, 1896. Decided January 28, 1896.

Michael J. Moriarty and Patrick A. Ducey presented for probate the will of Daniel J. Moriarty, deceased. The will was disallowed upon a contest made by Mary Ann Moriarty, and proponents appealed to the circuit, where the will was admitted to probate. Contestant brings error. Reversed.

*J. E. Sullivan* (*James O'Hara,* of counsel), for appellant.

*Smith, Nims, Hoyt & Erwin,* for appellees.

MOORE, J. Daniel J. Moriarty died, leaving a will, which was offered for probate, but was disallowed by the probate court. The case was appealed to the circuit court, where the will was found to be the last will of said Moriarty.

A careful examination of the record shows that the case was properly heard by the circuit judge in the main, but

some errors in the charge require consideration. Among other things, the learned judge charged the jury:

"In order to possess testamentary capacity, it is not necessary that one should know the number and condition of his relatives, or their claim upon his bounty, or that he should know or understand the reason for giving or withholding his bounty to or from any relative."

It is argued by the proponents that this charge was warranted by the decision in the case of *Spratt* v. *Spratt*, 76 Mich. 395. The difficulty with that position is that the portion of the charge above quoted is not, even in substance, the law as laid down by Judge CHAMPLIN. His statement was: "It is not required that a testator should know and understand the number and condition of his relatives, nor their relative claims upon his bounty, nor that he should know and understand the reason for giving or withholding his bounty *as to any and every relative*," which means quite another thing from the charge as given in this case. The rule in relation to the degree of legal capacity required to make a valid will is so well settled in *Spratt* v. *Spratt*, *supra*, *Kempsey* v. *McGinniss*, 21 Mich. 142, *Fraser* v. *Jennison*, 42 Mich. 221, and cases therein cited, that it is not necessary here to restate it.

The circuit judge, in his charge, made use of this language:

"Now, gentlemen, it is for you to say whether Mr. Daniel J. Moriarty had that kind of capacity. If he had that kind of capacity, why, it will simply be your duty to say that you find the paper here presented for probate as a will was the last will and testament of Daniel J. Moriarty, and that he was mentally competent to execute it on the 10th day of February. If you find that *he had not such a capacity, by a fair preponderance of the proof*, why, it is your duty to say that it is not his will and he was not competent to make it."

Mr. W. E. Hoyt, for proponents, requested the court to explain to the jury what is meant by "preponderance of evidence." The court did so in the following language:

"A preponderance is a fair weight of the testimony," and then fairly stated to the jury the law as bearing upon that question, and then he added:

"If there is more evidence tending to show that this party was capable to make a will, why, the proponents have the preponderance; *if there is more of the evidence, taking the paper and everything into consideration, on the side of the contestant, then the weight of the evidence is on the other side, and the will ought to be overruled.*"

We think this was error. It is likely the jury understood from this statement of the judge that the contestant must establish the invalidity of the will by a preponderance of testimony. The law has long been settled in this State the other way.

The other assignments of error, we do not think, were well taken.

The case is reversed, with costs, and a new trial granted.

The other Justices concurred.